[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 STATEMENT OF THE CASE
This is an appeal arising out of the 1991 reassessment of real property in the City of New Haven. The plaintiffs are the owners of 26 condominium units located at 570 Whitney Avenue. Since these units fall into basically three categories, efficiency, one bedroom, and two bedroom, the parties have agreed that the court's decision as to an agreed upon "sample" from each category will govern the assessment for all 26 units.
The court then will determine the "true market value" of units El (an efficiency unit), F2 (one bedroom) and G2, a large two bedroom unit. These values will pertain to the October 1991 assessment date forward until re-assessment occurs.
 DISCUSSION
The court heard an appraiser on behalf of each party and the property manager of the condominiums.
The city's determination of market value for the three categories noted above are $46,500, $55,500, and $76,000 respectively. The city's appraiser stated his values as $56,000, 63,000, and $80,000, while the plaintiffs offered their expert's opinions at $37,000, $47,000 and $60,000.
In summary then, the plaintiffs' figures are lower than the assessors by $9500, $8500, and $16,000. The differences between appraisals are $19,000, $16,000 $20,000. Both appraisers relied on the comparable sales approach to value in arriving at their conclusions, with the plaintiffs' expert, Philip Ball, utilizing 9 comparable sales and the city's expert, Marc Nadeau relying on 3.
In his testimony, Gary Beane, the property manager, discussed various features of the subject property and its components. He noted several mechanical deficiencies including old systems and structural faults. An outstanding weakness is an old oil heating system controlled by a single thermostat for the entire building. CT Page 16881
The court's reliance on this testimony is limited, however, because similar data as to the comparables is lacking. Also, as our cities and towns have turned to outside "evaluation specialists," it is the court's impression, based in part on observation and experience, that these firms spend little time on actually examining such things as the age of systems, type of windows, etc.
The court in this case turns to the appraisers' comparables and their treatment of those comparables to better evaluate the respective opinions.
As a lifelong resident of the greater New Haven area, the court is well acquainted with the neighborhoods containing these comparables and even some of the buildings involved, having lived in the Whitney Avenue — Orange Street area for a time.
After a careful examination of the appraisals and detailed scrutiny of the comparables, the court concludes that the plaintiffs have presented a substantial and compelling argument in favor of their positions. The court found the comparables on Prospect Street, Orange Street and Green Street relevant and informative and after weighing all factors noted by the experts, the court adopts the plaintiffs' evaluations.
The true market value for unit E1 is found to be $37,000, of F2 $47,000, and G2, $60,000.
When assessments and appraisals are spread across the board, it is tempting to compromise between the figures proposed. In this case, the court has considered whether that would be appropriate here in each category.
The court concludes that it has insufficient basis to reduce the plaintiffs' values and that it has no reasonable basis to adopt the city's assessment or opinion of market values.
The plaintiffs are allowed their appraiser's fee of $800 and other taxable costs.
Anthony V. DeMayo, Judge Trial Referee